CHUTZ, J., concurring.
I concur in the result reached by the majority since Mr. Haydel failed to come forward with evidence showing he was injured by employees of CB&I, which is an essential element of his claim. Nevertheless, I vehemently disagree with the majority's conclusion that even if CB&I employees had trampled Mr. Haydel, CB&I still would not be vicariously liable for their actions. The majority reasons that the actions of the fleeing individuals were "motivated by purely personal considerations entirely extraneous to the employer's interests," i.e., to protect their personal safety. Assuming agruendo that these individuals were CB&I employees, this rationale discounts the fact that they were performing work-related duties for CB&I, at a time and place directed by CB&I, when the explosion necessitating their evacuation occurred. The employees' actions in fleeing from the aftermath of the explosion were clearly incidental to the performance of their employment duties for CB&I The safety of its employees, as well as their response to an emergency arising at their worksite, even if the emergency is not created by CB&I, are matters of vital interest to the operation of CB&I' s business. I cannot agree with the majority's conclusion that under these circumstances, the actions of CB&I' s employees, in fleeing from their worksite where an explosion had occurred, was a matter "entirely extraneous" to CB&I's interests. To the contrary, the actions of the employees were so closely connected in time and place to the performance of their duties for CB&I as to be regarded as an employment-rooted risk of harm fairly attributable to CB&I's business.